## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CORY LAMONT SINGLETARY,       )
                              )
          Petitioner,         )
                              )
     v.                       )    1:12CV489
                              )
REUBEN YOUNG,                 )
                              )
          Respondent.         )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On June 19, 2009, in the Superior Court of Forsyth County, Petitioner pled guilty to obtaining property by false pretenses and habitual felon status in cases 08 CRS 30806 and 56356. (Docket Entry 2 at 1 (¶¶ 1-6), 11-14; see also Docket Entry 2-1 at 42-49.)[1] The trial court sentenced Petitioner to 70 to 93 months of imprisonment. (Docket Entry 2 at 1 (¶ 3); see also Docket Entry 2-1 at 42-43.) Petitioner did not appeal his convictions. (Docket Entry 2 at 2 (¶ 8).)

On February 28, 2011, Petitioner filed a pro se motion for appropriate relief ("MAR") with the state trial court. (Docket Entry 2 at 3 (¶¶ 10, 11(a)), 4 (indicating date filed)); see also Docket Entry 2-1 at 1-73.)[2] The trial court denied the MAR by

---

[1] For portions of the Petition lacking internal pagination, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[2] While his MAR was pending with the trial court, Petitioner filed a pro se mandamus petition with the North Carolina Court of Appeals on July 11, 2011,
(continued...)

order dated November 21, 2011 and filed November 22, 2011. (Docket Entry 5, Ex. 1; see also Docket Entry 2 at 1 (¶ 11(a)(7), (8)), 4-6.) Petitioner then filed a pro se petition for a writ of certiorari with the North Carolina Court of Appeals (Docket Entry 5, Ex. 4), which he dated as submitted on February 23, 2012 (id. at 17),[3] and which that court stamped as filed on March 5, 2012 (id. at 1). The Court of Appeals denied that petition on March 22, 2012. (Docket Entry 5, Ex. 5.)

Petitioner thereafter submitted his Petition in this Court (Docket Entry 2), which he dated as mailed on May 7, 2012 (id. at 14), and which the Court received on May 15, 2012 (id. at 1). Respondent moved to dismiss the Petition on statute of limitation grounds. (Docket Entry 4.) Petitioner filed a response. (Docket Entry 9.)

### **Petitioner's Claims**

Petitioner raises three claims for relief in his Petition: (1) his transcript of plea form and plea arrangement were incomplete and invalid; (2) he received ineffective assistance of counsel due

---

[2](...continued)
requesting that court to order the trial court to rule on his MAR. (See Docket Entry 5, Ex. 2 at 8-11.) On July 26, 2011, the Court of Appeals denied the petition "without prejudice to defendant's right to re-file the petition if the Forsyth County Superior Court does not enter a ruling on his [MAR], filed on or about 28 February 2011, within ninety (90) days." (Docket Entry 5, Ex. 2 at 2.) On October 31, 2011, Petitioner filed a second pro se mandamus petition with the Court of Appeals, again requesting that court to order the trial court to rule on his MAR. (See Docket Entry 5, Ex. 3 at 2 (indicating date filed).) On November 29, 2011, the Court of Appeals denied his petition. (Id.) Although not stated in the Court of Appeals' order, the trial court had already issued its order denying the MAR on November 22, 2011. (Docket Entry 5, Ex. 1.)

[3] For portions of Respondent's memorandum in support of his motion to dismiss lacking internal pagination, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

to trial counsel's failure to adequately prepare a defense and move in a timely manner for discovery; and (3) his conviction was obtained by the use of an unconstitutional strip search and seizure. (Docket Entry 2 at 8-10, 18-20, 24-26.)

## **Discussion**

Respondent moves to dismiss on the ground that the Petition was filed[4] outside of the one-year limitation period. 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

-3-

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case.[5] As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain

---

[5] Liberally construing Petitioner's pro se filings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Petitioner appears to argue that, under 28 U.S.C. § 2244(d)(1)(B), delay by North Carolina Prisoner Legal Services ("NCPLS") in informing Petitioner that it would not represent him constituted a State-created impediment to his ability to file the instant Petition, such that the one-year statute of limitations should begin to run from the date NCPLS declined to represent him in March of 2010. (Docket Entry 9 at 3-4.) Petitioner's argument lacks merit. Subparagraph (B) requires Petitioner to show an impediment created by State action which violated the Constitution or laws of the United States and which actually prevented him from filing a petition under § 2254. See Winkfield v. Bagley, 66 F. App'x 578, 582-83 (6th Cir. 2003) ("'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" (quoting Dunker v. Bissonnette, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)). Here, however, Petitioner's allegations do not allege any conduct by NCPLS which violated the Constitution or federal law, nor that any such conduct actually prevented him from filing the instant Petition. Under the facts alleged, a delayed commencement of the statute of limitations under § 2244(d)(1)(B) does not apply.

-4-

when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state trial court entered judgment against Petitioner on June 19, 2009. (See Docket Entry 2-1 at 42-45.) As Respondent has asserted (Docket Entry 5 at 3-4), and Petitioner has not disputed (see Docket Entry 9 at 1-7; see also Docket Entry 9-1 at 1-4), Petitioner's convictions became final on that date because he pled guilty and received a sentence in the mitigated sentencing range for his class of offense and prior record level, see N.C. Gen. Stat. § 15A-1340.17(c) & (e) (2009). In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal. See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444. Petitioner has not alleged or otherwise shown that any of these grounds existed and thus he had no right to appeal. Under these circumstances, Petitioner's time to file a habeas petition in this Court began to run on June 19, 2009. Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished).[6] The limitations period then ran for 365 days until

---

[6] Even if Petitioner had possessed a right to appeal, any such right would have expired 14 days after the trial court entered judgment against him. See N.C. R. App. P., Rule 4(a)(2). Given when Petitioner filed his instant Petition, those 14 days would not affect the timeliness analysis.

-5-

it expired a year later on June 19, 2010, over one and a half years before Petitioner brought this action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner, however, did not make any collateral filings in the state courts until February 28, 2011, well after his time to file a federal habeas claim had already expired. State filings made after the federal limitations period has passed do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner does not dispute the foregoing time-line, but he does advance a reason why he believes the Court should consider the Petition despite its untimeliness. (Docket Entry 9 at 1-7; see also Docket Entry 9-1 at 1-4.) In other words, Petitioner requests equitable tolling, which doctrine the Supreme Court has ruled applicable in this context, see Holland v. Florida, 560 U.S. ___, ____, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

-6-

Petitioner asserts that he "first contacted North Carolina Prisoner Legal Services Inc. [NCPLS] on or about 8-15-09 seeking state legal aid assistance." (Docket Entry 9 at 3.) Petitioner contends that NCPLS "left Petitioner with the impression that [it] would provide post conviction assistance." (Id.) Petitioner maintains that "NCPLS did not notify [him] until March of 2010" that it "was relieving itself of the undertaken obligation to assist with post conviction relief." (Id. at 4.) Petitioner additionally claims that he has "no access to any law books, citations, computer, phone or any tools to prepare writs, motions or petitions to be compared with those of professional attorneys" (id. at 6) and lacks "access to having important documents photocopied" (id.). Thus, Petitioner appears to argue that the NCPLS's alleged delay in declining representation and his lack of access to law-related materials warrant equitable tolling. (Id. at 3-4, 6.) Petitioner's argument lacks merit.

Even assuming that Petitioner's allegations regarding NCPLS' delays could warrant equitable tolling,[7] any such tolling would not benefit Petitioner in this case. Petitioner asserts that NCPLS notified him in March of 2010 that it would not represent him. Thus, by his own admission, Petitioner had over two months in which

---

[7] Some doubt exists as to the soundness of such assumption, as this Court has consistently held that delays by NCPLS do not warrant equitable tolling. See Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011), adopted, slip op. (M.D.N.C. Nov. 4, 2011) (Beaty, C.J.) (unpublished) (citing Hood v. Jackson, No. 5:10-HC2008-FL, 2010 WL 4974550, at *2 (E.D.N.C. Dec. 1, 2010) (unpublished) (citing cases)); Satterfield v. Haynes, No. 1:10CV836, 2011 WL 4022169, at *4 (M.D.N.C. Sept. 9, 2011), adopted, slip op. (M.D.N.C. Nov. 7, 2011) (Schroeder, J.) (unpublished); Dockery v. Beck, No. 1:02CV00070, 2002 WL 32813704, at *2 (M.D.N.C. Aug. 1, 2002) (Beaty, J., adopting recommendation of Eliason, M.J.) (unpublished).

to file the instant Petition before his one-year limitations period expired on June 19, 2010.[8]  Petitioner offers no explanation for why he could not have diligently pursued his rights prior to the expiration of the one-year limitations period.  "'[E]quity is not intended for those who sleep on their rights.'" Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).  Accordingly, Petitioner's arguments regarding NCPLS do not entitle him to equitable tolling.

Petitioner's reliance on his lack of access to legal materials as a ground for equitable tolling fares no better.  The State need not provide Petitioner with access to legal materials, because prisoners in North Carolina may receive assistance from NCPLS. See Bounds v. Smith, 430 U.S. 817 (1977) (ruling that state only has an obligation to provide either prison law libraries or assistance from persons trained in the law), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 354 (1996).  Moreover, the lack of access to legal materials and the inability to photocopy documents represent conditions commonly faced by inmates in North Carolina, and certainly do not constitute the "extraordinary circumstances"

---

[8] In a document entitled "Affidavit #1" attached to Petitioner's response in opposition to Respondent's motion to dismiss, Petitioner contradicts his earlier assertion that NCPLS notified him that it would not represent him in March of 2010. (Compare Docket Entry 9 at 4 with Docket Entry 9-1 at 2.)  In "Affidavit #1", Petitioner claims that an NCPLS attorney gave notice in May of 2010 that he would not represent Petitioner. (Docket Entry 9-1 at 2) (emphasis added).  Notably, although Petitioner attached to his Affidavit portions of a letter from NCPLS which appear to decline representation, he neglected to provide a copy of the letter's first page, thereby making it impossible for the Court to determine (1) if the letter was addressed to Petitioner; and (2) the date on which the letter was sent to Petitioner. (Docket Entry 9-2 at 3.)  In any event, even if NCPLS declined to represent Petitioner in May of 2010, that still left Petitioner with more than two weeks in which to file the instant Petition before the expiration of the limitations period on June 19, 2010.

necessary to invoke equitable tolling.  See Holland, 560 U.S. at ____, 130 S. Ct. at 2562; see also Bryant v. Hines, No. 5:12-HC-2061-F, 2013 WL 427101, at *5 (E.D.N.C. Feb. 4, 2013) (unpublished) (holding that "North Carolina's decision to utilize [NCPLS] in lieu of providing prison libraries at all of its correctional facilities is hardly an extraordinary circumstance unique to petitioner"). Finally, Petitioner eventually filed his MAR in the state courts and his Petition in this Court.  He does not explain how he managed to take such action after the limitation period had expired, but could not so earlier.  Equitable tolling is not warranted under these facts.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 4) be **GRANTED,** that the Petition (Docket Entry 2) be **DENIED,** and that this action be **DISMISSED.**

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                           **United States Magistrate Judge**

Date:  March 25, 2013